## BLANDFORD, FOWLER & COMPANY
### v.
## WING FLOUR MILL COMPANY.

*Commission Merchants—Local Usage and Custom—Consignment of Unsound Flour—Advances—Suit to Recover Difference.*

1. Where produce is shipped to commission merchants to be sold in their market, there is an implied understanding that the business shall be done according to the local usage and custom.

2. A commission merchant, who has made advances on flour consigned to him on the presumption that it was sound, may protect himself by selling it at the best advantage when it has been found to be unsound, if the consignor fails to secure him against loss. He may also recover from the consignor the difference between the amount realized and the amount advanced by him.

[Opinion filed February 17, 1887.]

APPEAL from the Circuit Court of Coles County; the Hon. J. F. HUGHES, Judge, presiding.

Messrs. JOHN FAVORITE and S. M. LEITCH, for appellants.

Blandford, Fowler & Co. v. Wing Flour Mill Co.

A person who deals in a particular market must be taken to deal according to the known, general and uniform custom or usage of that market; and he who employs another to act for him at a particular place or market, must be taken as intending that the business to be done will be done according to the usage and custom of that place or market, whether the principal in fact knew of the usage or custom or not. Story on Agency, Secs. 60, 96, 199; Bailey v. Bensley, 87 Ill. 556; Lyon v. Culbertson, 83 Ill. 33; United States Life Ins. Co. v. Advance Co., 80 Ill. 549.

Where the consignment is made generally without any specific orders as to the time or mode of sale, and the factor makes advances or incurs liabilities on the footing of such consignment, the legal presumption is that the factor is intended to be clothed with the ordinary rights of factors to sell in the exercise of a sound discretion at such time and in such mode as the usage of trade and his general duty require; and to re-imburse himself for his advances and liabilities out of the proceeds of the sale; and the consignor has no right, by any subsequent orders, given after advances have been made or liabilities incurred by the factor, to suspend or control this right of sale, except so far as respects the surplus of the consignment, not necessary for the re-imbursement of such advances or liabilities.

This has long been the settled doctrine in the American and English courts. It is the settled doctrine in the courts of our own State, as evidenced and shown by numerous decisions bearing upon shipping and trading interests, and must, as we take it, bind this case. Winne v. Hammond, 37 Ill. 99; Lewis v. G. & C. U. R. R. Co., 40 Ill. 281; Peters v. Elliot, 78 Ill. 321; Nelson v. C., B. & Q. R. R. Co., 2 Ill. App. 180.

Messrs. WILEY & NEAL, for appellee.

WALL, J. Appellants are commission merchants doing business in Baltimore, Maryland. They received two consignments of flour from appellee, the manufacturer, of Charleston, Illinois. The appellee drew upon appellants for the

supposed value of each consignment, the two drafts aggregating $1,100.75, both of which were paid by the appellants.

These consignments were to be sold by the appellants in the Baltimore market for account of the appellee. Each lot was inspected on its arrival by a bonded inspector of the local corn and flour exchange and found unsound.

It was, therefore, not branded and could not be disposed of at the current rates for flour that had passed inspection. Appellee was notified of the facts, and requested a sample of each lot, which was sent, and after some three weeks, during which time there was considerable correspondence between the parties, the flour was sold by appellants at the best rate obtainable, and this action was to recover the difference between the sum so realized and the amount paid on appellee's drafts.

A trial by jury resulted in a verdict for the defendant below, and the only point now made is that the court erred in refusing to set aside the verdict. There is substantially no conflict in the evidence as to the facts as above stated; and the only question about which there can be any serious doubt is as to the condition of the flour when it was shipped. It is true the evidence offered by the appellee tended to show that the samples returned were not unsound, or, at least, that one of them was not, it being admitted the other had a bad smell as though affected by oil or some other foreign substance. There is no doubt, however, that it did not pass inspection and that, therefore, it would not sell at regular quotations in the Baltimore market. There is no evidence from which any want of good faith or diligence on the part of appellants can reasonably be inferred.

When the flour was sent to the appellants, for sale in the market, it was with the implied understanding that the business should be done according to the local usage and custom. Bailey v. Bensley, 87 Ill. 556; Story on Agency, Sec. 96.

We find nothing in the record to excuse the appellee for not making good the loss. Appellants had advanced their money upon the presumption the flour was marketable, and they had the right to protect themselves by selling to the best

advantage and might then call upon appellee for the differ-
ence, if any. It was only after repeated requests upon
appellee to secure them against loss and after fair warning
that they resorted to this course.

It may be that the Baltimore market was at that time very
exacting, and that in other markets the flour might have sold
much better, but this was not the fault of appellants.

Upon the undisputed facts in the case we think the plaint-
iffs below were entitled to recover and that the court erred in
refusing to set aside the verdict. The judgment is reversed
and the cause remanded.

*Reversed and remanded.*